IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                   CASE NO.: 3:06cv543/LAC/MD

WARD F. DEAN,
    Defendant.

___

### DEFENDANT'S MOTION TO COMPEL DISCOVERY

Defendant moves this honorable court, pursuant to Federal Rules of Civil Procedure (FRCP) 33, 34, 36, and 37 (a)(2), and Local Rule 26.2 (D), for an Order compelling Plaintiff to respond to Defendant's discovery requests submitted to Plaintiff on May 14th, 2007, for documents and interrogatories. Defendant further moves for an Order to enlarge the deadline for discovery to allow Plaintiff additional time to comply with Defendant's requests, and for an Order to deem unanswered requests for admission as being admitted.

                                            Respectfully submitted,

                                            Ward Dean
                                            06076-017
                                            Federal Prison Camp
                                            110 Raby Avenue
                                            Pensacola, Florida  32509-5127

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

2007 JUL 13 AM 12: 22

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                              CASE NO.: 3:06cv543/LAC/MD

WARD F. DEAN,
    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Statement of the Case

This is a Civil Complaint, filed by the Federal Communications Commission against the Defendant, in an attempt to collect a $17,000 Notice of Apparent Liability for Forfeiture, for alleged violations of §§ 301 and 303 (n) of 47 U.S.C.

Statement of Facts

On 14 June, 2007, Defendant filed a Request for Production of Documents, a Request for Admissions, and a Request for Interrogatories, pursuant to FRCP Rules 34, 36, and 33, respectively. As set forth in Defendant's affidavit/declaration, the Plaintiff failed to respond within 45 days, and did not make any effort to obtain an extension from the court or by contacting the Defendant.

On 30 June, 2007, Defendant wrote to the Plaintiff, to ask whether he intended to reply, or not. Because of the impending date for closure of discovery, and not having received any response from the Plaintiff, Defendant filed this Motion to Compel Discovery.

Plaintiffs have Waived Their Objections By Their Failure to Respond Timely to Defendant's Discovery Request

The rules provide that responses and objections to requests for admissions, production of documents, and interrogatories are to be served within 30 days of the request, unless the court grants a shorter or longer time (FRCP 33, 34, and 36).

It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts." Godsey v. U.S., 133 F.R.D. 111, 113 (S.D. Miss, 1990). "Failure to answer interrogatories or to make objection to question set forth within 35-day period is waiver by defendants of any objections they may have." Davis v. Romney, 53 F.R.D. 247 (D.C. Pa, 1971). "Defendant's failure to file timely objections to plaintiff's request for production of documents constituted waiver of objections." Perry v. Golub, 74 F.R.D. 360 (N.D. Alabama, 1976), 22 F.R. Serv. 2d 1020.

Unanswered Requests for Admissions are Deemed to be Admitted

"Failure to answer Request for Admission admits the matters in question...." Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F. 2d 809 (7th Cir 1942). "Unanswered requests for admissions render the matter requested conclusively established for the purpose of that suit." Luick v. Graybar Electric Co., 473 F 2d 1360 (8th Cir, 1973). "Requests for admissions are automatically deemed admitted if not answered within 30 days...." Rainbolt v. Johnson, 215 App DC 381, 669 F. 2d 737, 32 FR Serv 2d 1410 (1981). "A party served with a request for admissions of fact is deemed to have admitted all relevant facts if he does

not within the time allowed by the rules specifically deny them or set forth reasons why he cannot truthfully admit or deny them." Walsh v. Connecticut Mutual Life Insurance Co., 26 F. Supp 566 (1939, DC NY).

## CONCLUSION

For the foregoing reasons, the court should grant Defendant's Motion to Compel Discovery, and enlarge the time allowed to complete discovery to such period as the government may require to comply with Defendant's reasonable and relevant Discovery requests. Furthermore, Defendant respectfully requests that the court deem the unanswered Admissions as being admitted for the purposes of this case.

Respectfully submitted,

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida  32509-5127

## CERTIFICATE OF SERVICE

On this 12th day of July, 2007, a copy of the foregoing was mailed to Paul Alan Sprowls, AUSA, 111 North Adams Street, 4th Floor, Tallahassee, Florida 32301.

Ward Dean
06076-017

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

                              Case No.: 3:06CV0543/LAC/MD

WARD F. DEAN,
    Defendant.
                           /

## DEFENDANT'S FIRST REQUEST FOR INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Order of this court, Defendant Ward Franklin Dean hereby requests that Plaintiff answer the following Interrogatories under oath, within 30 calendar days after service of these Interrogatories.

1. What specific rule or regulation (CFR) states what specific information is required to be provided in order to obtain the FCC license which the government claims Defendant is required to have?

2. Provide the names and job titles of the persons who were involved in the issuance of Notice of Liability for Forfeiture No. 20032700027.

Ex A

3. Identify any and all documents which prescribe procedures to be followed regarding the imposition and issuance of <u>Notices of Liability for Forfeiture</u>.

4. Identify any and all documents which prescribe procedures to be followed regarding the imposition and issuance of <u>Forfeiture Orders</u>.

<u>CERTIFICATE OF SERVICE</u>

On this <u>14</u> day of May, 2007, a copy of the foregoing was mailed to Paul Alan Sprowls, AUSA, 111 North Adams Street, 4th Floor, Tallahassee, Florida 32301.

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida  32509-5127

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

Case No.: 3:06CV0543/LAC/MD

vs.

WARD F. DEAN,
    Defendant.
_____/

<u>DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby request that Defendants produce the documents identified below within thirty calendar days of the service of this document request.

1. The application form for the license which the government claims that Defendant is required to have.

2. Any written complaints or records of complaints that initiated the investigation that resulted in the Notice of Apparent Liability and/or the Notice of Liability for Forfeiture which is/are the basis for this case.

3. Any and all documents that allege that the transmissions in question interfered with the transmission or reception of any licensed broadcaster.

4. Any and all documents that allege that the transmissions in question crossed Florida boundaries into any other state.



Ex B

5. Oaths of Office of all persons identified in response to Interrogatory number 2.

6. Copy of the documents identified in Interrogatory number 3.

7. Copy of the documents identified in Interrogatory number 4.

8. Minutes or report of any meetings or hearings that were conducted that related to and preceded the issuance of the Notice of Apparent Liability and the Notice of Liability for Forfeiture, which is/are the basis for this case.

CERTIFICATE OF SERVICE

On this 14 day of May, 2007, a copy of the foregoing was mailed to Paul Alan Sprowls, AUSA, 111 North Adams Street, 4th Floor, Tallahassee, Florida, 32301.

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida  32509-5127

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

Case No.: 3:06CV0543/LAC/MD

WARD F. DEAN,
    Defendant.
_____/

DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Fed.R.Civ.P. 36, Defendant Ward Franklin Dean, requests Plaintiff to admit the following:

1. 44 U.S.C., §§ 3501, et seq (the Paperwork Reduction Act [PRA]) require the display of Office of Management and Budget (OMB) control numbers upon all regulations that constitute "collections of information."

2. The alleged requirement for Defendant to obtain a license to broadcast depends upon regulations codified at 47 CFR §§ 73.3511, et seq.

3. 47 CFR § 73.3511 has not been assigned an OMB control number.

4. 47 CFR § 73.3512 has not been assigned an OMB control number.

5. 47 CFR § 73.3513 has not been assigned an OMB control number.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.
07 MAY 15 AM 11: 09

6. 47 CFR § 73.3514 has not been assigned an OMB control number.

7. 5 U.S.C. §§ 551-558 (the Administrative Procedures Act [APA]) require that Agency rules and regulations be published in the <u>Federal Register</u>.

8. 5 U.S.C. § 552(a)(1)(C) requires that "Each agency shall separately state and currently publish in the <u>Federal Register</u> for the guidance of the public--rules of procedure, description of forms available or the places at which forms may be obtained...."

9. The FCC application form for the license which the government claims defendant is required to have has not been published in the <u>Federal Register</u>.

10. There is no documentary evidence that the transmissions on which the instant Forfeiture Order is based crossed Florida state boundaries into any other state.

11. There is no documentary evidence that the transmissions on which the instant Forfeiture Order is based interfered with the transmission or reception of any licensed broadcaster.

CERTIFICATE OF SERVICE

On this 14 day of May, 2007, a copy of the foregoing was mailed to Paul Alan Sprowls, AUSA, 111 North Adams Street, 4th Floor, Tallahassee, Florida 32301.

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida  32509-5127

June 30th, 2007

Paul Alan Sprowls
AUSA
111 North Adams Street
4th Floor
Tallahassee, Florida   32301

Subject:   Request for Discovery in Case No.:   3:06CV0543/LAC/MD

Dear Mr. Sprowls:

As you know, on May 14th, 2007, I promptly complied with the government's Discovery Requests for Interrogatories and Production of Documents.

Also, as you know, Discovery is scheduled to end on July 13th, 2007.

On May 14th, 2007, I submitted Requests for Interrogatories, Production of Documents, and Admissions to you. However, as of this date, I have still not received a response.

In an effort to resolve this informally, I request to know whether you will, in good faith, respond to my Discovery requests in a timely manner.

Please let me know immediately whether you intend to comply with the Court's deadline for Discovery.

Thank you,

Sincerely,

Ward Dean
06076-017
Federal Prison Camp
110 Raby Avenue
Pensacola, Florida   32509-5127

Ex D

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                       CASE NO.: 3:06cv543/LAC/MD

WARD F. DEAN,
    Defendant.

## AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

State of Florida
County of Escambia

Ward Franklin Dean, under penalty of perjury, declares that:

1. I am the Defendant in this case. I make this Affidavit/Declaration in support of my <u>Motion to Compel Discovery</u>.

2. On May 14th, 2007, I served on the Plaintiff's counsel Requests for Admissions, Requests for Production of Documents, and Interrogatories (Exhibits A, B, and C).

3. On June 30th, 2007, I wrote to the Plaintiff's counsel, pointing out that I have still not received a response to my Discovery requests, and requested that he respond immediately (Exhibit D).

4. Despite my good faith effort to resolve this dispute without involving the court, Plaintiff has not responded/objected to my Discovery requests nor my letter.

WHEREFORE, the Defendant respectfully requests that the court grant this Motion in all respects.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on  12  July, 2007.

                                      Ward Dean
                                      06076-017

Ex E