Federal Communications Commission                                      DA 04-3328

Before the
Federal Communications Commission
Washington, D.C. 20554

| | |
|---|---|
| In the Matter of | ) |
| | ) File No. EB-03-TP-185 |
| Ward F. Dean | ) |
| 8799 Burning Tree Rd. | ) NAL/Acct. No. 200332700027 |
| Pensacola, Florida | ) |
| | ) FRN 0009232976 |
| | ) |

## FORFEITURE ORDER

**Adopted:** October 26, 2004                                  **Released:** October 28, 2004

By the Assistant Chief, Enforcement Bureau:

## I. INTRODUCTION

1. In this *Forfeiture Order* ("*Order*"), we issue a monetary forfeiture in the amount of seventeen thousand dollars ($17,000) to Ward F. Dean for willful violation of Sections 301 and 303(n) of the Communications Act of 1934, as amended ("Act").[1] The noted violations involve Mr. Dean's operation of a radio station without Commission authorization and refusal to allow an inspection of his radio station by Commission agents.

## II. BACKGROUND

2. On April 6, 2003, agents from the FCC Enforcement Bureau's Tampa Field Office ("Tampa Office"), while working in Pensacola, Florida, monitored a radio station on 103.7 MHz. The Commission's database contained no record of a licensed station in the Pensacola area authorized to operate on 103.7 MHz. Using direction-finding techniques, the agents determined that the radio station broadcasting on the frequency 103.7 MHz was operated from a single-family residence at 8799 Burning Tree Rd., Pensacola, Florida. County property records showed the owner of the property at 8799 Burning Tree Rd., Pensacola Florida as Ward and Kumja C. Dean. An FM broadcast-type antenna was mounted on a tower attached to the side of the residence. The agents determined, based on field strength measurements taken on April 6, 2003, that a Commission authorization was required to operate the station.[2] Immediately thereafter, the agents knocked on the front door of the residence, and an adult male responded. The man identified himself with a State of Florida picture identification as Ward F. Dean of the same address. Mr. Dean neither acknowledged nor denied operating the radio station and twice refused the agents' request to inspect the radio station at the residence. The agents warned Mr. Dean of the unlicensed operation. Shortly after departing, the agents observed the unlicensed radio station at Mr. Dean's residence ceased operating.

---

[1] 47 U.S.C. §§ 301, 303(n).

[2] *See* 47 C.F.R. § 15.239(b).

 

Federal Communications Commission                                    DA 04-3328

3.  On July 16, 2003, the Tampa Office issued a *Notice of Apparent Liability for Forfeiture* to Mr. Dean in the amount of seventeen thousand dollars ($17,000) for the apparent willful violation of Sections 301 and 303(n) of the Act.[3]  In his response, Mr. Dean argues that he was not provided an opportunity or hearing to defend himself against the charges, and thus was not afforded due process of law. He further argues that issuing a fine to a citizen for "refusing to waive a constitutional right could be construed as unlawful punitive retaliation." He asserts the Commission exceeded its jurisdiction because its actions amounted to regulation of a purely intrastate activity. He states that the agents trespassed on his private property without a warrant and refused to leave his property when requested. Finally, he argues that there is no evidence that he operated the radio equipment in alleged violation of the Act.

## III. DISCUSSION

4.  The proposed forfeiture amount in this case was assessed in accordance with Section 503(b) of the Act,[4] Section 1.80 of the Commission's Rules ("Rules"),[5] and *The Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines*, 12 FCC Rcd 17087 (1997), recon. denied, 15 FCC Rcd 303 (1999) ("*Forfeiture Policy Statement*").[6] In examining Mr. Dean's response, Section 503(b) of the Act requires that the Commission take into account the nature, circumstances, extent and gravity of the violation and, with respect to the violator, the degree of culpability, any history of prior offenses, ability to pay, and other such matters as justice may require.[7]

5.  Section 301 of the Act states that no person shall use or operate any apparatus for the transmission of energy or communications or signals by radio within the United States except under and in accordance with the Act and with a license. Mr. Dean's unsubstantiated response denying operation of the radio station is entitled to no credibility whatsoever. Agents determined that a radio station broadcasting on 103.7 MHz operated from 8799 Burning Tree Road on April 6, 2003 without a license. Although the unlicensed radio station operated from a residence owned by Ward and Kumja Dean, Mr. Dean demonstrated that he was in control of the residence at the time the agents observed the station operating, by refusing to allow an inspection of the station and directing the agents to leave his property. Even if Mr. Dean was not in direct control of the transmitter at that time, he knew or should have known of such operation on his premises. The unlicensed radio station stopped transmitting soon after the agents warned Mr. Dean of the unlicensed operations, thus confirming that Mr. Dean had control of the transmitter and the residence. Mr. Dean later stated in his response that he was not alone in his residence at the time of the agents' attempted inspection and that this other person could have operated the station, but he did not provide any evidence of this claim or even any identifying information for this purported other individual. Thus, based on the evidence, we find that Mr. Dean willfully[8] violated Section 301 of

---

[3] *Notice of Apparent Liability for Forfeiture*, NAL/Acct. No. 200332700027 (Enf. Bur., Tampa Office, July 16, 2003) ("*NAL*").

[4] 47 U.S.C. § 503(b).

[5] 47 C.F.R. § 1.80.

[6] This *Forfeiture Policy Statement* replaced a prior version that, at Mr. Dean notes, was reversed in *United States Tel. Ass'n v. FCC*, 28 F.3d 1232 (D.C. Cir. 1994).

[7] 47 U.S.C. § 503(b)(2)(D).

[8] Section 312(f)(1) of the Act, 47 U.S.C. § 312(f)(1), which applies to violations for which forfeitures are assessed under Section 503(b) of the Act, provides that "[t]he term 'willful,' ... means the conscious and deliberate (continued....)

2


the Act by operating radio transmitting equipment without the required authorization from the Commission on April 6, 2004.

6. Section 303(n) of the Act states that the Commission has the authority to inspect all radio installations associated with stations required to be licensed to ascertain whether in operation they conform to the requirements of the rules and regulations of the Commission. On April 6, 2003, Mr. Dean twice denied agents' request to inspect the radio station located at 8799 Burning Tree Road. We find that Mr. Dean willfully refused to allow Commission agents to conduct an inspection of the radio station upon official requests.

7. We note that Mr. Dean alleged in his response that the agents trespassed on his property without a warrant and refused to leave the premises when requested. We disagree. Commission agents located the source of radio transmissions to Mr. Dean's home and, pursuant to Section 303(n) of the Act, knocked on Mr. Dean's front door and requested permission to inspect his radio station. Mr. Dean answered the door, asked if the agents had a warrant, and denied the agents' request. The agents explained the requirements of Sections 301 and 303(n) and warned of the consequences of violating the Act. When it became clear that Mr. Dean would not agree to an inspection, the agents left the premises. The agents never searched his residence. Such action does not constitute illegal trespass and does not require a search warrant.

8. We now address several other issues unrelated to the relevant facts of this case, raised in Mr. Dean's response. First, we disagree with Mr. Dean's assertion that he was denied due process of law, in violation of the Administrative Procedure Act ("APA").[9] Mr. Dean was provided notice of the proposed forfeiture and was afforded an opportunity to show why the forfeiture should not be imposed, consistent with Section 1.80 of the Rules and Section 503 of the Act. Thus, Mr. Dean was not denied "due process of law," in violation of the APA. Second, we disagree with Mr. Dean's allegation that the Commission exceeded its jurisdiction by regulating an intrastate activity. Section 301 of the Act explicitly provides the Commission jurisdiction to require individuals to obtain licenses to operate radio stations. In addition, Section 301 explicitly sets forth the Commission's jurisdiction over all radio transmissions, both interstate and intrastate.[10] Finally, we disagree with Mr. Dean that issuing forfeitures for operating radio stations without licenses represents "punitive retaliation" for failing to waive a constitutional right. The U.S. Supreme Court has repeatedly held that there is no constitutional right to use radio facilities without a license.[11] Issuing a forfeiture for operating a radio station without a license simply represents the enforcement of the Act.

9. We have examined Mr. Dean's response to the *NAL* pursuant to the statutory factors above, and in conjunction with the *Forfeiture Policy Statement*. As a result of our review, we conclude that Mr. Dean willfully violated Sections 301 and 303(n) of the Act. We find no basis for cancellation or reduction of the $17,000 forfeiture proposed for these violations.

(Continued from previous page) ─────────────────
commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act ...." *See Southern California Broadcasting Co.*, 6 FCC Rcd 4387 (1991).

[9] *See* 5 U.S.C. §§ 551-559.

[10] *See Joseph Frank Ptak*, 14 FCC Rcd 9317, 9320, para. 13 (1999).

[11] *See Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 388 (1969); *National Broadcasting Co. v. United States*, 319 U.S. 190, 227 (1943); *see also United States v. Dunifer*, 997 F.Supp. 1235 (N.D. Calif. 1998), *aff'd on other grounds*, 219 F.3d 1004 (9th Cir. 2000).



Federal Communications Commission                                  DA 04-3328

## IV. ORDERING CLAUSES

10.     Accordingly, **IT IS ORDERED** that, pursuant to Section 503(b) of the Communications Act of 1934, as amended, and Sections 0.111, 0.311 and 1.80(f)(4) of the Commission's Rules,[12] Ward F. Dean **IS LIABLE FOR A MONETARY FORFEITURE** in the amount of seventeen thousand dollars ($17,000) for willfully violating Sections 301 and 303(n) of the Act.

11.     Payment of the forfeiture shall be made in the manner provided for in Section 1.80 of the Rules within 30 days of the release of this *Order*. If the forfeiture is not paid within the period specified, the case may be referred to the Department of Justice for collection pursuant to Section 504(a) of the Act.[13] Payment by check or money order may be mailed to Forfeiture Collection Section, Finance Branch, Federal Communications Commission, P.O. Box 73482, Chicago, Illinois 60673-7482. Payment by overnight mail may be sent to Bank One/LB 73482, 525 West Monroe, 8th Floor Mailroom, Chicago, IL 60661. Payment by wire transfer may be made to ABA Number 071000013, receiving bank Bank One, and account number 1165259. The payment should note NAL/Acct. No. 200332700027, and FRN 0009232976. Requests for full payment under an installment plan should be sent to: Chief, Revenue and Receivables Group, 445 12th Street, S.W., Washington, D.C. 20554.[14]

12.     **IT IS FURTHER ORDERED** that a copy of this *Order* shall be sent by First Class and Certified Mail Return Receipt Requested to Ward Dean, 8799 Burning Tree Road, Pensacola, Florida 32514.

FEDERAL COMMUNICATIONS COMMISSION

*George R Dillon*

George R. Dillon
Assistant Chief, Enforcement Bureau

---

[12] 47 C.F.R. §§ 0.111, 0.311, 1.80(f)(4).

[13] 47 U.S.C. § 504(a).

[14] *See* 47 C.F.R. § 1.1914.