IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

vs.                   3:06cv543/LAC/MD

**WARD DEAN,**
   **Defendant.**

---

### REPORT AND RECOMMENDATION

This case is before the court upon the motion for summary judgment filed by the plaintiff United States of America (doc. 21), and the defendant Ward Dean's combined response to plaintiff's consolidated opposition to motions to dismiss; motion to reconsider denial of defendant's three motions to dismiss; response to plaintiff's motion for summary judgment. (Doc. 37). The defendant's motions for reconsideration were denied (doc. 39). Therefore, this recommendation addresses only the plaintiff's motion for summary judgment.

Upon review of the submissions of the parties, it is the opinion of the undersigned that the plaintiff's motion for summary judgment should be granted.

### Background

The following material facts are without substantial controversy. The plaintiff United States of America initiated this case through the filing of a civil complaint pursuant to Title 28 U.S.C. § 1345. (Doc. 1). Plaintiff asserts that defendant is indebted to it pursuant to 47 U.S.C. § 504 for violations of section 301 and 303(n) of the Communications Act, title 47 U.S.C. § 301 and 303. (Doc. 1, ¶ 3). The Federal

Communications Commission released a Forfeiture Order on October 28, 2004 (doc. 21, exh. 2), and entered a Certificate of Forfeiture in the amount of $17,000 against the defendant as of July 28, 2006.  (Doc. 1, exh. 1).  The Forfeiture Order is based upon defendant's unlawful operation of an unlicensed radio station from his private residence, and his refusal to cooperate with FCC investigators.  (Doc. 21, exh. 1).  The plaintiff United States of America has made demand upon the defendant for the amount of this claim, but the defendant has refused to make payment.  (Doc. 1, ¶ 4).  The plaintiff therefore seeks to reduce the $17,000 Certificate of Forfeiture to judgment, and recover the filing fee and any other relief the court finds proper.

Defendant previously moved to dismiss the plaintiff's complaint for Administrative Procedures Act (APA) violations (doc. 23), for violations of the Paperwork Reduction Act (PRA) (doc. 24), and based upon the alleged unconstitutionality of title 47 U.S.C. § 301.  (Doc. 25).  The government responded in opposition (doc. 33), and each of the  motions was denied.  (Doc. 34, 35 & 36).  As noted above, the defendant Dean's request for reconsideration of those orders, which makes up the vast majority of his response to the pending motion for summary judgment, has been denied.  (Doc. 39).  Defendant has not challenged the facts underlying the Forfeiture Order.  Thus, in essence, the defendant's only remaining argument in opposition to the motion for summary judgment is that the forfeiture order is void because the enforcement action in this case was initiated without the required complaint by a listener.  (Doc. 37 at 15).

## Legal Analysis

On a motion for summary judgment, this court must  evaluate the record in the light most favorable to plaintiff as the nonmovant and grant defendants' motion only if the record demonstrates that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); *Lee v. Ferraro*, 284

F.3d 1188, 1190 (11th Cir. 2002); F.R.C.P. 56.  The court must resolve all disputes and draw all inferences in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); see also *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir.1999).  Summary judgment is improper "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact."  *Cornelius v. Highland Lake*, 880 F.2d 348, 351 (11th Cir. 1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990).  An issue of fact is "material" if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).  It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Id.*; see also *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).  Finally, it is improper for the district court to make credibility determinations on a motion for summary judgment.  *Miller v. Harget,* 458 F.3d 1251, 1256 (11th Cir. 2006); *Bischoff v. Osceola County,* 222 F.3d 874, 876 (11th Cir. 2000); *Harris v. Ostrout*, 65 F.3d 912, 916-17 (11th Cir. 1995); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

The FCC's enforcement scheme was set forth in significant detail in *Action for Children's Television v. Federal Communications Commission*, 59 F.3d 1249, 1253-1254 (D.C. Cir. 1995) ("*ACT*").  Section 503(b) of the Communications Act of 1934 authorizes the Commission to impose a forfeiture for the violation of a Commission order or regulation.  *ACT*, 59 F.3d at 1253.  There are two means of imposing forfeiture.[1]  The Commission may proceed under 47 U.S.C. § 503(b)(3) which authorizes the Commission to determine the penalty after a hearing which is subject to review in the court of appeals.  *Id.* (Citing 47 U.S.C. §§ 402(a), 503(b)(3)(A)).  If the penalty is not paid, a collection action may be brought in the appropriate district

---

[1] The *ACT* case dealt specifically with the broadcast of allegedly indecent material.

court, during which action the validity and appropriateness of the final order imposing the forfeiture penalty is not subject to review. *Id.*

Alternatively, forfeiture may be imposed, as it was in defendant Dean's case, pursuant to title 47 U.S.C. § 503(b)(4). 59 F.3d at 1253. The *ACT* court stated that the Commission initiates the forfeiture process "only after receiving a complaint from a listener or viewer." *Id.* The forfeiture process involves sending a "Notice of Apparent Liability" to the broadcaster with an invitation to respond. *Id.* There is no hearing, but if the forfeiture order is entered and collection action is taken, in defending itself, the broadcaster is entitled to a trial de novo on the question of whether its broadcast was indecent. *Id.* at 1254.

Title 47 U.S.C. § 503(b)(4) specifically provides:

. . . [N]o forfeiture penalty shall be imposed under this subsection against any person unless and until –

(A) the Commission issues a notice of apparent liability, in writing, with respect to such person;

(B) such notice has been received by such person, or until the Commission has sent such notice to the last known address of such person, by registered or certified mail; and

(C) such person is granted an opportunity to show, in writing, within such reasonable period of time as the Commission prescribes by rule or regulation, why no such forfeiture penalty should be imposed.

Such a notice shall (i) identify each specific provision, term, and condition of any Act, rule, regulation, order, treaty, convention, or other agreement, license, permit, certificate, instrument, or authorization which such person apparently violated or with which such person apparently failed to comply; (ii) set forth the nature of the act or omission charged against such person and the facts upon which such charge is based; and (iii) state the date on which such conduct occurred. Any forfeiture penalty determined under this paragraph shall be recoverable pursuant to section 504(a) of this title.

Title 47 U.S.C. § 503(b)(4).

Title 47 U.S.C. § 504(a) provides that forfeitures imposed as a result of violations of wire or radio communications law are recoverable in a civil suit in the district court where the person or carrier has its principal operating office or in any district through which the line or system of the carrier runs. "Any suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo." Title 47 U.S.C. § 504(a).

In addition to the challenges already rejected by this court, Defendant Dean asserts that the Forfeiture Order in his case is void because the enforcement actions in this case were initiated without the required complaint by a listener. He relies on the statement by the court in *ACT* that the Commission initiates the forfeiture process "only after receiving a complaint from a listener or viewer." 59 F.3d at 1253. Dean asserts that during discovery, he requested copies of "any written complaints or records of complaints that initiated the investigation that resulted in the Notice of Apparent Liability and/or the Notice of Liability for Forfeiture which is/are the basis for this case." (Doc. 37, exh. B, req. 2). Plaintiff United States of America responded that it did not "possess or control any complaints or records of complaints." *Id*. Thus, Dean concludes, because there was no complaint, the Commission should not have initiated action against him in the first place.

This court is unconvinced by defendant's argument. The plain language of the statute set forth above does not require receipt of a complaint prior to initiation of any forfeiture action. And, to the extent defendant relies on *ACT,* that case is clearly distinguishable, as the case against defendant Dean did not deal with broadcast indecency, as was the case in *ACT*.

Defendant has not disputed the essential facts as set forth in the plaintiff's statement of undisputed facts or argument. The facts as set forth in the Forfeiture Order (doc. 21, exh. 1) show that on April 6, 2003, radio station broadcasts of a strength requiring FCC authorization were being transmitted from 8799 Burning Tree Road, Pensacola, which was and is the defendant's residence. FCC agents made

contact with the defendant at this location and advised him that the broadcast was unlicensed and illegal. *Id.* at 1, 2. Soon after the agents departed, the broadcasting ended, thus showing that the defendant knew of or controlled the broadcasting. *Id.* Defendant has admitted that he does not and did not have an FCC license for operating a radio station, which is a violation of 47 U.S.C. § 301. The Forfeiture Order further found that defendant willfully refused inspection of the radio station in violation of 47 U.S.C. § 303(n). The findings and reasoning of the Forfeiture Order support the forfeiture and the amount thereof. Defendant has identified no issues of material fact that remain in dispute. There also appear to be no legal issues remaining for this court's determination. Therefore, entry of summary judgment in favor of the plaintiff in the amount of $17,000 is appropriate.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion for summary judgment (doc. 21) be GRANTED;
2. That judgment be entered in favor of the plaintiff in the amount of $17,000; and
3. That plaintiff be permitted to file a motion to recover its costs, as appropriate.

At Pensacola, Florida, this 21st day of February, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

Case No: 3:06cv543/LAC/MD

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**